70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph J. VOLPE, Petitioner-Appellant,
v.
Richard JOHNSON, Respondent-Appellee.
 No. 94-2113.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1995.
 
 Before: KRUPANSKY, BOGGS, and NORRIS, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Ralph Volpe appeals from an order of the district court denying his petition for a writ of habeas corpus.
 
 
 2
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying the petition.
 
 
 3
 As the reasons why the petition should be denied have been articulated by the district court, the issuance of a full written opinion by this court would be duplicative and serve no useful purpose.
 
 
 4
 We must address one issue that the district court did not explicitly address, however. The Michigan trial court found that Volpe's trial counsel never said that Volpe had beaten his victim mercilessly in his closing argument. This was clear error, as Volpe's counsel stated in his closing argument:
 
 
 5
 Again, maybe is not good enough. The fact that you don't like Mr. Volpe is not good enough to convict him on this particular charge. The fact that he beat her mercilessly, and you can see the photographs, that she suffered considerable injury, is not good enough to establish a murder in the first degree.
 
 
 6
 Because the Michigan trial court's finding of fact here was not "fairly supported by the record," no deference is due to it by this court. 28 U.S.C. Sec. 2254(d)(8).
 
 
 7
 Volpe argues that this statement demonstrates that his counsel was ineffective, and that his trial was prejudiced because the statement was "tantamount to a guilty plea." Volpe's first claim, that the statement indicates ineffective assistance of counsel, must fail. Given the pictures of the victim and the testimony of Kassens and Fasnacht, Volpe's trial counsel could rationally have concluded that his credibility with the jury was increased by admitting the "merciless" nature of the beating. Therefore, the statement does not constitute prejudice or show a deficient performance of counsel, as required under Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 8
 Volpe's second argument, that the statement was tantamount to a guilty plea, also must fail. Volpe cites Wiley v. Sowders, 647 F.2d 642, 649 (6th Cir.), cert. denied, 454 U.S. 1091 (1981) ("an attorney may not stipulate to facts which amount to the 'functional equivalent' of a guilty plea"), to support his argument. However, as discussed, the statement constituted an admission designed to establish credibility with the jury. In the same breath as the "beat her mercilessly" statement, Volpe's trial counsel repeats the phrase "not good enough" to find Volpe guilty three times. It is clear that defense counsel's meaning was that the beating Volpe inflicted on Gunn, while "merciless," was insufficient to establish his guilt. This is not equivalent to a guilty plea by any stretch.
 
 
 9
 Accordingly, the order of the district court is affirmed upon the reasoning set out by that court in its Opinion and Order dated September 2, 1994.