**Melvin TURNER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 96–5742.**

United States Court of Appeals, Sixth Circuit.

Argued: April 29, 1999.

Decided and Filed: July 1, 1999.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 19, 1999.

Melvin Turner (briefed), Memphis, Tennessee, C. Mark Pickrell (argued and briefed), Nashville, Tennessee, for Petitioner–Appellant.

Tony R. Arvin, Assistant U.S. Attorney (argued and briefed), Memphis, Tennessee, for Respondent–Appellee.

Before: RYAN, BATCHELDER, and CLAY, Circuit Judges.

## OPINION

RYAN, Circuit Judge.

The petitioner's request for *habeas corpus* relief under 28 U.S.C. § 2255 requires that we answer three questions:

- whether the Supreme Court's decision in *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), is retroactively applicable to Melvin Turner's case;
- whether the district court erred in denying Turner's ineffective assistance of counsel claim without holding an evidentiary hearing; and
- whether the district court erred in refusing to provide Turner with an evidentiary hearing regarding the constitutionality of his prior convictions used to enhance his sentence.

## I.

Turner was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). His direct appeal was not successful. In his petition, Turner first alleged that the district court abused its discretion in allowing the prosecution to present to the jury the details of his prior crimes. Turner also claimed that his trial counsel was ineffective, and that the prior convictions used to enhance his sentence were unconstitutionally obtained. The district court denied the petition without an evidentiary hearing. This appeal followed.

## II.

■ "In reviewing the denial of a 28 U.S.C. § 2255 petition, this Court applies a *de novo* standard of review of the legal issues and will uphold the factual findings of the district court unless they are clearly erroneous." *Hilliard v. United States,* 157 F.3d 444, 447 (6th Cir.1998).

### A.

■ First, Turner challenges the trial court's decision to allow the government to inform the jury of the name and nature of his prior convictions as part of its proof that Turner was a felon in possession of a firearm. Turner sought to stipulate that he was a convicted felon in order to prevent the prosecution from introducing the details of his past crimes. The district court refused Turner's concession and allowed the prosecution to introduce the name and nature of the prior offenses.

In *Old Chief,* 519 U.S. 172, 117 S.Ct. 644, the Supreme Court held that where the "name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction," it is an abuse of discretion for the district court to refuse the defendant's offer of stipulation. *Id.* at 174, 117 S.Ct. 644.

■ A panel of this court held that *Old Chief* announced a new rule of criminal procedure and, therefore, the rule is not to be applied retroactively on collateral review. *See In re Green,* 144 F.3d 384, 387 (6th Cir.1998).

> A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.

*Salmi v. Secretary of Health and Human Servs.,* 774 F.2d 685, 689 (6th Cir.1985).

Turner was tried and convicted in 1991; the Supreme Court decided *Old Chief* in 1997. Because *Old Chief* does not apply retroactively, Turner may not collaterally attack the district court's decision to allow the jury to hear the name and nature of Turner's previous convictions.

### B.

■ Turner also claims that he was denied effective assistance of counsel, in violation of the Sixth Amendment. Essentially, he claims that his counsel failed to present sufficient exculpatory evidence at trial. Absent from Turner's affidavit in support of his petition for *habeas corpus* relief, however, is any statement raising a

factual question regarding the effectiveness of his trial counsel.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255. Where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims. *See Paprocki v. Foltz,* 869 F.2d 281, 287 (6th Cir.1989).

We have carefully examined Turner's affidavit and it contains nothing that suggests his claim is meritorious. True, the burden on the petitioner in a *habeas* case for establishing an entitlement to an evidentiary hearing is relatively light. However, it would be nonsensical to conclude that the petitioner could meet that burden simply by proclaiming his innocence. Turner's affidavit contains nothing to indicate that his counsel's performance was constitutionally infirm; therefore, the district court did not err in refusing to conduct an evidentiary hearing.

### C.

Finally, Turner argues that he was entitled to an evidentiary hearing for the purpose of examining the constitutionality of the prior convictions that are the basis for his enhanced sentence under the Armed Career Criminal Act.

In *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court concluded that the federal sentencing forum was not the proper forum for a constitutional challenge to a prior conviction used to enhance a sentence. The Court held:

> We recognize, however, ... that [the petitioner] ... may attack his state sentences in [the state courts] or through federal habeas review.... If [the peti-

tioner] is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences.

*Id.* at 497, 114 S.Ct. 1732 (citation omitted).

Essentially Turner seeks relief from his state convictions in his *habeas* petition attacking his federal conviction. *Custis* does not support this tactic. We read *Custis* as requiring Turner to challenge the underlying state convictions first in the state court or in an independent *habeas corpus* proceeding brought pursuant to 28 U.S.C. § 2254. Only after Turner succeeds in such a challenge can he seek to reopen his sentence in this case.

### III.

Having concluded that Turner is entitled to no relief, we **AFFIRM** the judgment of the district court.