*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0167P (6th Cir.)
File Name: 00a0167p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JERRY LEE SMITH,
    *Petitioner-Appellee,*

       *v.*        No. 99-3340

UNITED STATES OF AMERICA,
    *Respondent-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 98-02824—David D. Dowd, Jr., District Judge.

Submitted: March 9, 2000

Decided and Filed: May 18, 2000

Before: WELLFORD, SILER, and GILMAN, Circuit
Judges.

---

**COUNSEL**

**ON BRIEF:** Karin Hoppmann, U.S. DEPARTMENT OF
JUSTICE, APPELLATE SECTION, CRIMINAL DIVISION,
Washington, D.C., Gary D. Arbeznik, ASSISTANT UNITED
STATES ATTORNEY, Cleveland, Ohio, for Appellant.
David C. Jack, Wadsworth, Ohio, for Appellee.

1

WELLFORD, J., delivered the opinion of the court, in which SILER, J., joined. GILMAN, J. (pp. 12-13), delivered a separate concurring opinion.

_____

**OPINION**

_____

HARRY W. WELLFORD, Circuit Judge. The government appeals the district court's grant of a motion to vacate Smith's federal sentence under 28 U.S.C. § 2255, which was based on its finding that two of Smith's predicate state convictions that were used to enhance his sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1),[1] had been obtained in violation of *Boykin v. Alabama*, 395 U.S. 238 (1969). We are called upon to decide whether a defendant, who does not meet the "in custody" requirement of 28 U.S.C. § 2254, may attack the constitutional validity of predicate state convictions under the ACCA in a § 2255 proceeding. We conclude that we are bound to hold that such a collateral attack is impermissible under this court's previous decision in *Turner v. United States*, 183 F.3d 474 (6th Cir. 1999). Thus, we **REVERSE** the decision of the district court and **REMAND** for resentencing.

_____

[1]Section 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of the law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

## I. *BACKGROUND*

This case is before us for the third time.[2]  In 1991, Smith was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the government sought to enhance Smith's sentence pursuant to the ACCA, which requires a minimum fifteen-year sentence for offenders who have three or more qualifying acts, based on Smith's prior state convictions.  The district court refused to apply the ACCA, finding that two of Smith's predicate convictions had been obtained in violation of *Boykin v. Alabama*, 395 U.S. 238 (1969), because Smith had not been advised of his constitutional rights prior to the sentencing hearing in those cases.  The court sentenced Smith to twenty-seven months in prison.

The government appealed to this court, and we reversed. *See United States v. Smith*, 36 F.3d 490 (6th Cir. 1994).  We held that *Custis v. United States*, 511 U.S. 485 (1994), which had just been decided at that time, was indistinguishable from Smith's case and did not allow a defendant to "collaterally attack the validity of previous state convictions that are used to enhance his sentence under the ACCA . . . (with the sole exception of convictions obtained in violation of the right to counsel). . . ." *Custis*, 511 U.S. at 487, *quoted in Smith*, 36 F.3d at 492.  Thus, we vacated Smith's sentence and remanded to the district court for resentencing.

Smith, who had completed his term of imprisonment under the prior sentence and was on supervised release, was returned to custody on January 23, 1995.  Sentencing was rescheduled for January 27, 1995, but Smith obtained a continuance in order to file a habeas corpus petition under § 2255.  On February 24, 1995, the district court denied the habeas petition, noting that the proper means of challenging state convictions was through § 2254 rather than § 2255.  At the resentencing hearing, however, the district court found

---

[2]A brief factual background of the case can be found at *United States v. Smith*, 36 F.3d 490, 491 (6th Cir. 1994).

that our delay in adjudicating the government's appeal (three years had elapsed between the filing of the notice of appeal and the issuance of this court's disposition of the case) amounted to a denial of due process. Accordingly, the court released Smith on March 15, 1995. The government appealed again, and this court found that the delay did not rise to the level of a due process violation. *See United States v. Smith*, 94 F.3d 204, 205 (6th Cir. 1996). We again reversed and remanded for resentencing under the ACCA. *See id.* at 213.

On the second remand, the district court applied the ACCA, sentencing Smith to 180 months imprisonment. The court gave Smith credit for the fifty-five months he had already served, resulting in a balance of 125 months. Smith appealed, but later withdrew the appeal.

On December 4, 1998, Smith filed the instant case *pro se* under § 2255. His only stated grounds for habeas relief was that two of the prior state convictions that were used to enhance his federal sentence were constitutionally infirm under *Boykin, supra*, and therefore should not have been used to enhance his sentence under the ACCA. Though this court had before held that *Custis* prevented the district court from considering that argument at sentencing, *see Smith*, 36 F.3d at 492, the district court reconsidered the argument in the context of the § 2255 motion. The district court held that "*Custis* does not preclude collateral attacks by way of other kinds of proceedings, such as habeas corpus proceedings or proceedings on motions under 28 U.S.C. § 2255." It proceeded to address Smith's arguments, finding that "a defendant should not be penalized because, years ago, he failed to challenge a state court conviction on the off chance that it might someday be used to enhance a federal sentence." In reaching the merits of Smith's claim, the court made the same conclusion as it had prior to the very first appeal in this case, that the state convictions were invalid under *Boykin*.

The government filed this timely appeal.

confidence in the integrity of our procedures and inevitably delay and impair the orderly administration of justice," *id.* at 497 (alteration in original) (citations and internal quotation marks omitted), the Supreme Court recognized that Custis, who was still "in custody" on his state-court convictions, could collaterally attack his state convictions in state court and, if that was unsuccessful, could seek federal habeas relief. *See id.* Custis would then be free to "apply for reopening of any federal sentence enhanced by the state sentences" if he ultimately proved successful in upsetting his state convictions. *Id.* If "finality of judgments" truly was the primary interest, then the Supreme Court presumably would have felt no need to leave this door open.

Nothing in *Custis* says that Custis would have been barred from all relief if he were no longer in state custody. *Cf. Nichols v. United States*, 511 U.S. 738, 765 (1994) (Ginsburg, J., dissenting) ("*Custis* presented a forum question. The issue was where, not whether, the defendant could attack a prior conviction for constitutional infirmity."). Indeed, as the Fifth Circuit observed, this was a question that the Supreme Court had expressly left open. *See Clark*, 203 F.3d at 364 ("We express no view on the extent to which the [expired] 1958 conviction itself may be subject to challenge in the attack upon the [present] 1978 sentences which it was used to enhance.") (alterations in original) (quoting *Maleng v. Cook*, 490 U.S. 488, 494 (1989) (per curiam)).

I nevertheless concur in the judgment and opinion of the court because I agree with Judge Wellford's conclusion that "in the absence of *en banc* review or a Supreme Court decision to the contrary, *Turner* forecloses the possibility that Smith can use § 2255 to challenge his ACCA sentence by collaterally attacking his predicate convictions in federal court without attempting first a challenge in state court."

## II. *ANALYSIS*

We are now squarely faced with the issue of whether Smith can attack the validity of his state convictions in this § 2255 proceeding aimed at challenging the use of those convictions in deciding his federal sentence. Several months after the district court issued its final decision in this case, a panel of our court decided *Turner v. United States*, 183 F.3d 474 (6th Cir. 1999), wherein we held that the rule in *Custis*, which involved a defendant's direct appeal from his federal sentence, also applies to actions challenging a federal sentence pursuant to § 2255. We stated specifically:

> We read *Custis* as requiring [the defendant] to challenge the underlying state convictions first in the state court or in an independent habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. Only after [the defendant] succeeds in such a challenge can he seek to reopen his [federal] sentence in this case.

*Turner*, 183 F.3d at 477. *Accord Sanders v. United States*, No. 98-3651, 1999 WL 591455 (6th Cir. July 27, 1999) (unpublished); *see also United States v. Daniels*, 195 F.3d 501 (9th Cir. 1999).

Smith argues that our holding in *Turner* does not prevent him from attacking the predicate state convictions in this case because he is not "in custody" for purposes of § 2254. He claims that it is impossible to do that which *Turner* requires-- that is, to first "challenge the underlying state convictions in a state court or in an independent § 2254 habeas proceeding." *Turner*, 183 F.3d at 477; *see Carafas v. LaVallee*, 391 U.S. 234 (1968) (if a defendant is not "in custody," a federal court will not have jurisdiction to hear a § 2254 motion). Consequently, Smith argues, the district court should be permitted to address his § 2255 petition based on the constitutional infirmity of his prior state convictions. In support of that rationale, Smith urges this court to follow *United States v. Clark*, 203 F.3d 358 (5th Cir. 2000).

---

### CONCURRENCE

---

RONALD LEE GILMAN, Circuit Judge, concurring. It appears to me that *Turner* takes *Custis v. United States*, 511 U.S. 485 (1994), too far by applying its holding (that a defendant who has state or federal habeas remedies available to him cannot attack his predicate state convictions at his federal sentencing hearing) to defendants who may have no available state or federal habeas remedy. When a defendant such as Smith is no longer "in custody" on his predicate state-court conviction, and when the proceeding is a § 2255 post-conviction hearing rather than a sentencing hearing, I believe that the Fifth Circuit's analysis in *United States v. Clark*, 203 F.3d 358 (5th Cir. 2000), is the sounder application of the *Custis* decision.

In *Custis*, the Supreme Court held that a defendant was not entitled "to use the federal sentencing forum to gain review of his state convictions." *Custis*, 511 U.S. at 497. The Court observed that "Congress did not prescribe and the Constitution does not require such delay and protraction of the federal sentencing process." *Id*. Allowing a defendant who has already been sentenced to mount a collateral attack on the predicate convictions that were the basis for the enhancement of his present sentence, however, does not delay and protract the federal sentencing process. This may have been one of the main reasons underlying the Supreme Court's distinction between collateral attacks based on the complete denial of counsel, which may be raised at the defendant's federal sentencing for being an armed career criminal, and other alleged constitutional defects, which may not. *See id*. at 496. Ascertaining whether counsel's assistance was constitutionally ineffective is often difficult, but ascertaining whether counsel's assistance was denied altogether is relatively easy. *See id*.

Notwithstanding the language in *Custis* about how "[i]nroads on the concept of finality tend to undermine

In *Clark*, the court acknowledged the general rule that when a defendant brings a § 2255 petition challenging the use of state convictions to enhance his federal sentence, "it may well make administrative good sense to require the defendant to first exhaust his section 2254 remedies and allow him to return under section 2255 to the court which imposed the enhanced sentence only after the prior conviction has been set aside in the section 2254 proceeding." *Clark*, 203 F.3d at 369-70.  The court held, however, that if a defendant has unsuccessfully exhausted all available state remedies but is not "in custody" for purposes of § 2254, a district court should address the validity of the state conviction in the defendant's § 2255 proceeding.  In its analysis, the court mentioned our decision in *Turner* but noted that the case did not address whether the defendant "could meet the 'in custody' requirement of § 2254 or what the result would be if he could not." *Id.* at 367.  Ultimately, the court found it unreasonable to differentiate between a defendant who was "in custody" and one who was not "in custody" for purposes of permitting that defendant to bring a § 2255 challenge to his federal sentence. *Id.* at 370.  The court explained that to hold otherwise would be contrary to the Supreme Court's "reluctance to adopt a reading of the overall statutory habeas scheme that 'would bar the prisoner from ever obtaining federal habeas review.'" *Id.* (citations omitted).

The government argues against following *Clark*:

A defendant who fails to take advantage of state and habeas remedies should not be provided an "alternative" remedy under *Custis*.  Such a scheme does violence to the principles of finality and efficiency that power the Supreme Court's decision in *Custis*.  And under the Fifth Circuit's reasoning, a federal court may at any time reopen a state criminal proceeding without the presence of the state as a party, *see Clark*, 203 F.3d at 364; thus, the decision also violates principles of comity.

Furthermore, the government claims that our holding in *Turner* does not leave room for the exception made in *Clark*.

proposition, and the authority in this circuit supports our position.

We **REVERSE** the district court and **REMAND** with instruction to resentence Smith accordingly.

in CR 195662
and CR199703.
Parole 10/25/88,
final release
1/18/90.

The defendant was represented by an Attorney.

On February 15, 1985, the defendant entered the premises of Cleveland Board of Education Building, tampered with and broke into a safe on the premises.

On August 23, 1985, the defendant pled guilty to the Indictment.

While the federal district court may have no jurisdiction to determine the constitutional adequacy of a challenged state conviction if the petitioner is no longer in custody, *Carafas v. LaVallee*, 391 U.S. 234 (1968), that is a different circumstance from a petitioner seeking to challenge the constitutional validity of a guilty plea in *state court* by error *coram nobis*, or by seeking some other extraordinary relief.[4] Smith had the opportunity to raise a *Boykin v. Alabama*, 395 U.S. 238 (1969), challenge in state court through affidavit, or otherwise.

Even if we were disposed to look favorably upon the *Clark* approach, as Smith urges, we note an important distinction. In *Clark*, the petitioner was deemed to have "tried and failed to set aside his [later challenged] state convictions." *Clark*, 203 F.3d at 361. It is subsequently stated that "apparently . . . Clark has exhausted his state remedies." *Id.* at 362. In the interest of federalism, we reject a challenge to a state conviction made for the first time in a § 2255 proceeding challenging a federal sentence. *Clark* is not authority for this

---

[4] In similar circumstances, we stated in *United States v. Caldwell*, 2000 WL 331950, at *8 n.4, No. 97-5252 (6th Cir. March 23, 2000) (unpublished), that *Turner* required the petitioner first to "challenge the state convictions either in state court or in a § 2254 petition."

The opinion is clear, the government argues, that "*Custis* does not support [the] tactic" of seeking relief from a predicate state conviction in a § 2255 petition.

We agree with the government's position that *Turner* controls our holding in this case. In *Turner*, we stated plainly that a defendant must challenge his state convictions "first in the state court or in an independent habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254." *Turner*, 183 F.3d at 477. We did not specifically consider whether the defendant was "in custody" for purposes of applying the holding in *Custis*. Since *Turner* was decided, it has been cited by this court with approval for the proposition that a defendant may not seek relief from his state convictions in a habeas corpus petition attacking his federal sentence. *Sanders v. United States*, No. 98-3651, 1999 WL 591455 (6th Cir. July 27, 1999) (unpublished); *see also United States v. Henderson*, No. 98-4087/4369, 2000 WL 298248, ___ F.3d ___, ___ (6th Cir. March 23, 2000) (citing the holding in *Turner* in the context of a direct appeal of the defendant's federal sentence); *United States v. Caldwell*, No. 97-5252, 2000 WL 331950 (6th Cir. March 23, 2000) (same). There has been no indication that *Turner* would carve out the exception made in *Clark* for defendants who are not "in custody" for their state sentences. Therefore, in the absence of *en banc* review or a Supreme Court decision to the contrary, *Turner* forecloses the possibility that Smith can use § 2255 to challenge his ACCA sentence by collaterally attacking his predicate convictions in federal court without attempting first a challenge in state court.

Smith has never, since 1994, when we reached our first decision in this case, made any effort *in state court* to challenge the two convictions now at issue. Whether or not he may now be foreclosed from proceeding in state court, or may not "succeed in such a challenge," the record would at least reflect some effort on his part to have set aside at least

one of these convictions.[3] Such an effort, even in the absence of successfully setting aside a state conviction, might conceivably present us with a different circumstance. Defendant's counsel conceded at the original sentencing that he made no effort to obtain a transcript of defendant's guilty pleas in state court, but the record and transcript apparently were destroyed by a fire.

As acknowledged by the district court, the presentence report reflects the following information about Smith's prior offenses which are related to his charge in the district court:

| | | | |
|---|---|---|---|
| 9/3/83 | Aggravated Burglary, Cleveland, Ohio Police Department. CR185472 | 2/4/84, Ohio State Reformatory 6 months plus cost. Defendant released 6/22/84. | 4A1.1(b) |

The defendant was represented by counsel, Attorney John Hildebrand.

On September 2, 1983, the defendant was observed climbing through a bedroom window of an apartment. He fled through a front door and was subsequently arrested by police.

The defendant made a statement to a Cuyahoga County Probation Officer denying involvement in this case. He claims he went to the victims [sic] apartment to see if he and a friend could stay there.

---

[3] In a letter supplemental brief, Smith's counsel states that "*Clark* specifically held that if Defendant has exhausted his state remedies and is not 'in custody' . . . then the district court should address the Defendant's 28 U.S.C. § 2255 petition." Smith, however, has made no showing that he has attempted to exhaust his state remedies, if any. Rather, he stated in his brief (p. 12) that "Smith had no reasonable access to review the constitutionality on his prior convictions in State Court."

On January 25, 1984 the defendant plead guilty to the lesser included offense of Breaking and Entering.

| | | | |
|---|---|---|---|
| 11/22/84 | Breaking and Entering with Violence Specification, Grand Theft with violence Specification, Vandalism with Violence Specification, Cleveland, Ohio Police Department CR195662. | 8/23/85, Chillicothe Correctional Institutional 2 to 5 years with 2 years mandatory sentence Count 1 2 to 10 years with 2 years mandatory sentence Count 2, 2 to 5 years with 2 years mandatory sentence Count 3, all concurrent to be served concurrent with CR199240 and CR199703 plus cost. Parole 10/25/88, final release 1/18/90. | 4A1.1(a) |

The defendant was represented by counsel, Attorney Richard Dunn.

On November 21, 1984, the defendant and two accomplices broke into a furniture store, by using a bulldozer to knock down the real wall. Police apprehended the defendant as he attempted to flee from the store.

On August 23, 1985, the defendant pled guilty to the Indictment.

| | | | |
|---|---|---|---|
| 2/15/85 | Breaking and Entering Safecracking, Cleveland, Ohio Police Department CR199240. | 8/23/85, Chillicothe Correction Institution 1 year each Count concurrent plus cost, concurrent with sentences | 4A1.2 Application Note No. 3 |