**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0131n.06
Filed: February 16, 2007

No. 05-2121

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

MIGUEL VALENZUELA,                              )
                                               )
    **Petitioner-Appellant,**                  )  **ON APPEAL** FROM THE
                                               )  UNITED STATES DISTRICT
v.                                             )  COURT FOR THE EASTERN
                                               )  DISTRICT OF MICHIGAN
UNITED STATES OF AMERICA,                       )
                                               )
    **Respondent-Appellee.**                   )  **O P I N I O N**
_____ )

**Before: BOGGS, Chief Judge; and MERRITT and MOORE, Circuit Judges.**

    **KAREN NELSON MOORE, Circuit Judge.** Petitioner-Appellant Miguel Valenzuela

("Valenzuela") appeals from the district court's judgment denying his 28 U.S.C. § 2255 motion to

vacate his conviction for conspiracy to possess with intent to distribute marijuana in excess of 1,000

kilograms. Valenzuela argued that his trial counsel was ineffective because counsel admitted in his

opening statement that Valenzuela had been involved in one drug transaction. The district court

concluded that the attorney's admissions were part of a reasonable trial strategy and did not prejudice

Valenzuela. Because Valenzuela has not shown that his counsel's performance was deficient and

because the district court did not abuse its discretion by refusing to hold an evidentiary hearing, we

**AFFIRM** the judgment of the district court.

# I. BACKGROUND

On September 4, 2001, a grand jury charged Valenzuela and seven others with one count of conspiracy to possess with intent to distribute marijuana in excess of 1,000 kilograms, in violation of 21 U.S.C. § 841(a)(1) and § 846. Valenzuela's case proceeded to trial. The government introduced, among other evidence, a series of audio tapes recording conversations between Valenzuela and government informant James McManigal ("McManigal"), in which they discussed marijuana shipments and payments, and the testimony of Valenzuela's co-conspirators detailing Valenzuela's involvement in the conspiracy. Valenzuela took the stand in his own defense and testified that McManigal asked him to sell forty pounds of marijuana in order to raise money for McManigal's legal fees and that he agreed, but that he was not regularly involved in selling marijuana. On March 25, 2002, a jury convicted Valenzuela as charged. Valenzuela appealed, and a panel of this court affirmed his conviction. *United States v. Valenzuela*, 88 F. App'x 909 (6th Cir. 2004) (unpublished opinion).

Valenzuela then filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Valenzuela asserted that he received ineffective assistance of trial counsel because of that counsel's "acknowledgment before the jury of Petitioner's guilt without first obtaining his consent to such a strategy," Joint Appendix ("J.A.") at 21 (§ 2255 Pet. at ¶ 7), and requested an evidentiary hearing. The government filed a memorandum in opposition. The magistrate judge issued a report and recommendation ("R&R") recommending that Valenzuela's motion be denied, and Valenzuela filed objections. On August 4, 2005, the district court denied Valenzuela's motion, adopted the magistrate judge's R&R, and denied Valenzuela a certificate of appealability. Valenzuela then filed an application for a certificate of appealability in this court, which was granted on May 4, 2006, on the

2

issue of "whether Valenzuela's counsel rendered ineffective assistance by admitting to Valenzuela's guilt during the trial." J.A. at 98.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

#### 1. Standard of Review

Because ineffective-assistance-of-counsel claims present mixed questions of law and fact, we review such claims de novo. *United States v. Wagner*, 382 F.3d 598, 615 (6th Cir. 2004).

#### 2. Analysis

##### a. Deficient Performance

Ineffective-assistance-of-counsel claims are analyzed under the familiar two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Second, the defendant must show that the deficient performance prejudiced the defense."[1] *Id.*

Valenzuela's trial counsel, Ronald R. Gold ("Gold"), said during his opening statement:

> Now somewhere along the way, somewhere along the way Eduardo [Rodriguez] came to Mr. Valenzuela a year, year and a half ago, and said, you know, Mr. McManigal has got a lot of problems. He's got trouble with the law. He has no money. He needs some money, and he sells marijuana, and we'd like to know and Mr. McManigal went up to him, too, and said, please can you sell this marijuana for me. That was my client's mistake.
> And as you hear the tapes the problem is this -- and by the way, you will hear that Mr. Valenzuela did not benefit one bit out of this. If a hundred dollars here and there you're going to hear millions, if a hundred, or two hundred a thousand came into his pocket, he was incidental and that was not the purpose.

---

[1]Because we conclude that Valenzuela has not shown that his counsel's performance was deficient, we need not address whether Valenzuela suffered prejudice. *Barnes v. Elo*, 339 F.3d 496, 503 (6th Cir. 2003).

J.A. at 99 (Def. Opening Statement). Gold then discussed the concept of entrapment and the role of the government in persuading Valenzuela to help sell limited quantities of marijuana, stating at one point: "What he did in order to help out Eduardo, his friend, and Mr. McManigal, he decided and agreed to selling the marijuana and in exchange gave them the money. That's the money that you'll hear about the money transfer." J.A. at 100 (Def. Opening Statement). After discussing the government's entrapment of Valenzuela, Gold described Valenzuela as a man of good character and detailed his community service activities, then stated:

> I'm [sic] mean, he's trying to get by the best he can. But above all he's a joyful man. He drinks too much and he knows that. And he says things when he's drinking sometimes that he shouldn't. But you know, he's not a drug dealer. He's not a member of this 12-person conspiracy where he planned anything. He did a stupid thing. He tried to help his friends, and he shouldn't have done that and that was wrong.

J.A. at 101 (Def. Opening Statement). Valenzuela argues that Gold's performance was deficient because these statements amounted to a concession that Valenzuela was guilty.

To show that his counsel's performance was deficient, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. More specifically, a defendant may show that his counsel's performance was deficient by showing that the attorney conceded that the defendant was guilty as charged without seeking the defendant's consent. *Wiley v. Sowders*, 647 F.2d 642, 649-50 (6th Cir.) (concluding that two attorneys' performances were deficient because they "repeatedly stated to the jury that petitioner was 'guilty,' 'guilty as charged,' and 'guilty beyond a reasonable doubt'"), *cert. denied*, 454 U.S. 1091 (1981); *Ashley v. Koehler*, No.

4

87-1482, 1988 WL 12146, at *5 (6th Cir. Feb. 18, 1988) (unpublished opinion) (concluding that counsel's statements during closing argument, that "'[w]e do not come before you asking to find Mr. Ashley not guilty' and 'I think the consideration comes down to whether or not he's guilty of First Degree Homicide, or Second Degree Homicide,'" "could be deemed a denial of effective assistance of counsel" but were not prejudicial to the defendant), *cert. denied*, 486 U.S. 1013 (1988).

In this case, Gold did not concede that Valenzuela was guilty as charged, or of any crime at all. Gold specifically denied that Valenzuela was a member of the large conspiracy to possess with intent to distribute marijuana in excess of 1,000 kilograms, the crime charged. Gold did admit that Valenzuela agreed with McManigal to sell a smaller quantity of marijuana, which, absent any additional argument, would effectively concede that Valenzuela was guilty of a conspiracy to possess with intent to distribute marijuana, albeit a smaller quantity.[2] Gold took a further step to protect Valenzuela's interests, however, by asserting that even this normally criminal activity was not criminal in this instance because of government entrapment. Gold did not concede Valenzuela's guilt at all, then, but rather employed a reasonable trial strategy in light of the government's substantial evidence against Valenzuela. *Cf. Volpe v. Johnson*, No. 94-2113, 1995 WL 684544, at *1 (6th Cir. Nov. 16, 1995) (unpublished opinion) (concluding that counsel performed reasonably by conceding that the defendant "beat [the victim] mercilessly" but arguing that he was not guilty

---

[2]Because the government was prepared to introduce audio tapes recording conversations in which Valenzuela discussed selling marijuana as well as the testimony of numerous alleged co-conspirators, a decision to concede that Valenzuela was guilty of a conspiracy to possess with intent to distribute a small amount of marijuana in hopes of avoiding a conviction for involvement in the larger conspiracy may very well have been a reasonable strategy. *Cf. United States v. Wilks*, 46 F.3d 640, 644 (7th Cir. 1995) ("In conceding Wilks' guilt with respect to the one ounce transaction [but not a different transaction involving larger drug quantities], counsel lent credibility to his argument that Wilks was only a small fish in the drug world.").

5

of first-degree murder); *Nielsen v. Hopkins*, 58 F.3d 1331, 1335 (8th Cir. 1995) (concluding that counsel performed reasonably by conceding that the defendant shot the victim but arguing that he did not possess the necessary intent for first-degree murder).

### b. Duty to Consult

Even when employing a reasonable trial strategy, however, an attorney "has a duty to consult with the client regarding 'important decisions,' including questions of overarching defense strategy," *Florida v. Nixon*, 543 U.S. 175, 187 (2004), which may include obtaining a client's consent to certain strategies, *see, e.g.*, *United States v. Holman*, 314 F.3d 837, 840-44 (7th Cir. 2002) (concluding that conceding guilt to one count of a multi-count indictment is a valid defense strategy but one which requires a client's consent). Valenzuela correctly notes that it is not necessary to admit a client's guilt in order to pursue an entrapment defense, *see Mathews v. United States*, 485 U.S. 58, 62 (1988), and argues that Gold's assistance was deficient because he did not seek Valenzuela's consent before admitting that Valenzuela had at least limited involvement in criminal activity.

Because he is seeking relief under § 2255, Valenzuela bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Valenzuela has not introduced any evidence that Gold did not seek Valenzuela's consent or did not consult with Valenzuela about defense strategy. Accordingly, Valenzuela has failed to show that Gold's assistance was deficient.

6

**B.  Refusal to Hold an Evidentiary Hearing**

### 1.  Standard of Review

We review for abuse of discretion a district court's decision whether to hold an evidentiary hearing on a § 2255 motion.  *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003).

### 2.  Analysis

Valenzuela argues that the district court erred by refusing to hold an evidentiary hearing on his ineffective assistance of counsel claim.  Under § 2255, a prisoner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; *see also Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1195 (2000) ("Where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims.").  We have noted that "the burden on the petitioner in a *habeas* case for establishing an entitlement to an evidentiary hearing is relatively light."  *Turner*, 183 F.3d at 477.  However, we have also affirmed a district court's refusal to hold an evidentiary hearing when a prisoner's affidavit in support did not contain "any statement raising a factual question regarding the effectiveness of his trial counsel."  *Id.* at 476-77.  As explained above, Gold employed a reasonable trial strategy, and Valenzuela did not submit an affidavit or any other evidence indicating that Gold did not seek Valenzuela's consent or did not consult with Valenzuela about defense strategy.  In the absence of *any* evidence raising a factual dispute, the district court did not abuse its discretion by refusing to hold an evidentiary hearing.

### III.  CONCLUSION

Because Valenzuela has not shown that his counsel's performance was deficient and because the district court did not abuse its discretion by refusing to hold an evidentiary hearing, we **AFFIRM** the judgment of the district court.