KAREN NELSON MOORE, Circuit Judge,
dissenting.
The statements Demarcus Fifer made during his proffer session sealed his fate at trial. The government was able to introduce into evidence the Form 302 memorializing those statements because Fifer’s proffer agreement contained a sweeping waiver provision. The record in this case gives me good reason to doubt that Fifer’s one-time attorney, James Ball, understood that waiver provision’s effect.
Because there are outstanding issues of fact regarding both Strickland prongs, the district court abused its discretion when it denied Fifer’s 28 U.S.C. § 2255 motion without first holding an evidentiary hearing. The majority’s resolution of this case—which, apart from one solitary sentence, ignores completely Fifer’s argument on appeal that he was entitled to an evi-dentiary hearing—fails for the same reason. I respectfully dissent.
The majority opinion makes no mention of the very low bar Fifer must meet in order to obtain an evidentiary hearing. “In reviewing a § 2255 motion in which a factual dispute arises, ‘the habeas court must hold an evidentiary hearing to determine the truth of the petitioner’s claims.’ ” Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (emphasis added) (quoting Turner v. United States, 183 F.3d 474, 477 (6th Cir. 1999)). Although we review for an abuse of discretion “a district court’s refusal to conduct an evidentiary hearing with respect to a defendant’s § 2255 motion,” Campbell v. United States, 686 F.3d 353, 357 (6th Cir. 2012), “[a]n evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief.” Valentine, 488 F.3d 325, 333 (6th Cir. 2007) (emphasis added) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)); accord Pola v. United States, 778 F.3d 525, 532-33 (6th Cir. 2015).
The record in Fifer’s case does not conclusively demonstrate that his ineffective-assistance-of-counsel claim fails. Far from it. There are questions of fact as to whether Ball’s performance was constitutionally deficient. And there are questions of fact as to whether Ball’s deficient performance prejudiced Fifer. For both reasons, the district court should have conducted an evidentiary hearing before ruling on Fifer’s § 2255 motion.
Ball arguably rendered objectively deficient assistance because it is unclear whether he understood the sweeping effect of the waiver provision in Fifer’s proffer agreement. Consider the following exchange between Ball and Fifer’s trial counsel during a hearing at Fifer’s trial:
Q. [Y]ou indicated your understanding was that if you didn’t follow through with the agreement, you would be waiving certain things. Did that list of things include any provisions or tools or protections that were included in the Federal Rules of Evidence, such as Rule 410, or 408, or 403?
A. Well, I mean, each one of those would have to be addressed specifically. And you probably are addressing them in this trial. In other words, I don’t think *366 that the third paragraph rendered him mute in this court. In order words, if it fell through, which it did, and he went to trial, his lawyer could, you know, take issue with, you know, each and every evidentiary issue, you know, despite every—I don’t know if I am saying it right. But he could, you know, it depended on what we were talking about and he could take advantage of the rules and hope to persuade His Honor to rule in his favor. I don’t think that he was waiving, you know, the rules.
R. 123 (Trial Tr. at 343:24-44:16). Ball’s response inspires little confidence in his comprehension of the waiver provision.
Nonetheless, the majority reasons that the district judge’s colloquy with Ball— both before and after Ball delivered this •muddled response—confirms that Ball understood the waiver provision. Majority Op. at 361-64. Under the majority’s reading of the transcript, Ball (1) satisfied the district judge that he comprehended the scope of the waiver, (2) potentially suggested that he did not understand the waiver, and finally (3) told the district judge that he appreciated the waiver’s effect. Ball’s inconsistent responses thus raise a fact question: did Ball understand the effect of the waiver provision? Our caselaw makes plain that this is the type of fact question that merits development at an evidentiary hearing.
There are also outstanding fact issues as to whether Ball’s defective performance prejudiced Fifer. The majority has identified the most salient of these issues: during deliberations, Fifer’s jury sent the district judge a note asking whether “Fifer [was] admitting to the[] events in [the Form 302], even without his signature on this exhibit.” R. 125 (Trial Tr. at 689:18-20); Majority Op. at 361. This was the only question the jury asked during its deliberations. Majority Op. at 361.
The Form 302 plainly had an impact on Fifer’s jury. That is not surprising, given that the Form 302 memorialized Fifer’s admissions that he had possessed a firearm and a distribution-level amount of crack cocaine. Were it not for the waiver provision in Fifer’s proffer agreement—a proffer agreement Fifer entered into on Ball’s advice—that Form 302 likely would have been excluded at Fifer’s trial.
Fifer’s burden “for establishing an entitlement to an evidentiary hearing is relatively light.” Smith v. United States, 348 F.3d 545, 551 (6th Cir. 2003) (quoting Turner, 183 F.3d at 477). Fifer has met that burden here: he has raised questions of fact regarding Strickland’s deficient-performance and prejudice prongs. The district court should have conducted a hearing to resolve those questions. Because the district court rejected Fifer’s § 2255 motion out of hand, I would remand his case to the district court for an evidentiary hearing.