**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0070n.06
Filed: January 23, 2008

**Case No. 06-1973**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| YUSEF DANOU, | ) | **DISTRICT OF MICHIGAN** |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| ———————————————— | ) | |

**BEFORE: BATCHELDER, MOORE and COLE, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** On November 29, 2005, Plaintiff-Appellee United States Government ("Government") filed an information charging Defendant-Appellant Yusef Danou ("Danou") with identity theft in violation of 18 U.S.C. § 1028(a)(7) and intent to commit mail fraud in violation of 18 U.S.C. § 1341. Danou waived prosecution by indictment and eventually pleaded guilty to identity theft pursuant to a Rule 11 Plea Agreement ("Agreement") with the Government. After his sentencing, Danou filed this timely appeal, raising three issues for review. First, Danou contends that he did not validly waive indictment in open court. Second, he claims that the district court erred in sentencing him after he withdrew his guilty plea. Third, Danou argues that the Government violated the Agreement. For the reasons set forth below, we **AFFIRM**.

**I. BACKGROUND**

Danou signed a waiver of indictment form that states, in relevant part, that Danou "hereby waives in open Court prosecution by Indictment and consents and agrees that the proceeding may be by Information." On January 31, 2006, Danou signed a document acknowledging that he had received, read, and understood the information and its contents. Furthermore, Danou's original counsel, David Steingold ("Steingold"), stated at the arraignment that he filed Danou's waiver of indictment form with the court.

On February 2, 2006, Danou pleaded guilty to identity theft, pursuant to the Agreement that he and the Government had executed. That Agreement had originally stipulated to an offense-level calculation that yielded a Guidelines range of 30-37 months, in accordance with the Presentence Report's Guidelines work sheets, which, among other things, granted Danou a three-level reduction for acceptance of responsibility and stated that neither party would advocate for a sentence outside the 30-37 month range or appeal if the court imposed a sentence within that range. At the outset of the plea hearing, apparently at Danou's request, the parties marked out the specific range of 30-37 months, and agreed to leave to the district court the task of calculating the appropriate Guidelines range. The Agreement was then filed.

On March 21, 2006, Steingold moved to withdraw as counsel for Danou because Danou insisted that Steingold claim — contrary to the facts — that he had reached a deal with the Government not to indict Danou. Steingold eventually withdrew and Danou retained a second attorney, Richard Lustig ("Lustig").

Thereafter, on April 14, 2006, Danou filed a motion to withdraw his guilty plea, claiming that the Government had promised not to indict him if he made whole the elderly victim of his fraud by deeding back to him the property Danou had stolen by identity theft. The district court held a

hearing in accordance with *Santobello v. New York*, 404 U.S. 257 (1971), to determine the merits of Danou's claim. At the hearing Steingold testified that, despite his best efforts, he had not been able to reach any such agreement with the Government. The district court concluded that the alleged deal never existed and that the Government had never promised Danou he would not serve time in prison if he repaid the victim. Additionally, the district court determined that Danou had voluntarily pleaded guilty to identity theft.

On May 24, 2006, prior to sentencing, the district court sent the parties a letter informing them that it intended to reject the Agreement because it believed the 30-37 month Guidelines range was inadequate to reflect the serious nature of Danou's crime. The district court advised Lustig that he should discuss with Danou his right to withdraw his guilty plea in accordance with Fed. R. Crim. P. 11(c)(5)(B). Lustig responded with a letter to the district court indicating that Danou wanted to withdraw his guilty plea. The Government, however, informed the district court that because the parties had deleted the 30-37 month provision, the Agreement did not bind the court to the 30-37 month Guidelines range calculation, but allowed the court to determine the Guidelines range. The Guideline worksheets, the Government pointed out, merely provided a suggested range that the district court could choose or reject, and Danou's guilty plea was not conditioned on the 30-37 month Guidelines range. Consequently, the district court accepted the Agreement and Danou's guilty plea.

On June 6, 2006, Danou filed a second motion attempting to withdraw his guilty plea, claiming in this motion that he had not validly waived indictment because he did not do it in "open court." After a hearing on the motion, the district court issued an opinion and order on June 20, 2006, denying Danou's second motion because Danou had filed a document in open court, waiving

"prosecution by Indictment and consent[ing] and agree[ing] that the proceedings may be by Information." In that opinion, the district court also concluded that Danou's conduct following the preparation of the Presentence Investigation Report and the plea hearing demonstrated that he was not entitled to any reduction for acceptance of responsibility, and that the appropriate Guidelines range was 41-51 months.

At the sentencing hearing on July 6, 2006, Danou spoke at length to the fact that he had been wronged by his attorneys and that he was innocent. The district court, after considering all of Danou's motions, requests for hearings, and denials of guilt, reaffirmed its decision to deny Danou any benefit for acceptance of responsibility. The Assistant United States Attorney ("AUSA") prosecuting the case agreed, saying "So I think this Court's decision to deny him acceptance from responsibility and — and sentence him according to the fact that he is simply not ready to move on is entirely appropriate." The district court then sentenced Danou to 48 months' incarceration. Furthermore, the district court allowed Lustig, to withdraw from the case. Danou filed this appeal the same day.

## II. ANALYSIS

### A. Danou validly waived prosecution by indictment.

The Government can charge a criminal defendant by information if the defendant, after being advised of his rights and the nature of the charge, waives in open court prosecution by indictment. Fed. R. Crim. P. 7(b). Danou correctly concedes that the right to be prosecuted by indictment is a right that can be waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (citing Fed. R. Crim. P. 7(b)). But Danou contends that he did not validly waive that right because the document he filed with the court waiving indictment does not constitute a waiver in open court. And because he did

4

not validly waive prosecution by indictment, Danou claims, the district court did not have jurisdiction over his prosecution. Citing *Goode v. United States*, 305 F.3d 378, 386 (6th Cir. 2002) ("A jurisdictional defect cannot be waived or procedurally defaulted — rather, a jurisdictional defect requires reversal."), Danou argues that this lack of jurisdiction is a defect that cannot be waived, and his conviction must therefore be reversed.

It is clear, however, that Danou did waive prosecution by indictment in open court. It is sufficient for Rule 7(b) purposes that the defendant file the written waiver of indictment in open court. *Kossin v. United States*, 235 F.2d 188, 189 (6th Cir. 1956). Danou did so. It is not necessary that he also execute that waiver in open court. *Id*. Our sister circuits provide illumination on this point. The Fifth Circuit has held that two defendants validly waived indictment when they acquiesced, by not objecting, to the in-court filing of waiver-of-indictment forms they had signed, regardless of whether the defendants actually executed those documents in court. *United States v. Moore*, 37 F.3d 169, 173 (5th Cir. 1994). The Tenth Circuit has held that a waiver complied with Rule 7(b) where the defendant and his lawyer signed the waiver form and filed it with the court before the arraignment. *Ching v. United States*, 292 F.2d 31, 32 (10th Cir. 1961). Consequently, it is immaterial that Danou did not sign the waiver of indictment in open court. Because he filed the waiver form with the court and stated that fact to the court at the arraignment, we conclude that he waived in open court prosecution by indictment.

Danou further claims that the district court erred by not informing him of the nature of the charges and of his right to proceed by way of indictment. Rule 7(b), however, does not require that the district court provide this information to the defendant. *Moore*, 37 F.3d at 173. "[T]here is no reason why the requisite advice cannot come from defense counsel," the usual source. *Id*. (citing

5

*United States v. Liboro*, 10 F.3d 861, 863 (D.C. Cir. 1993)). So long as someone informed Danou of the charges and of his rights, he could validly waive prosecution by indictment. Danou does not claim that Steingold failed to explain the charges to him. Nor does Danou claim that Steingold did not inform him of his right to proceed by indictment. Therefore, we find that Danou was aware of the nature of the charges and of his right to proceed by indictment. Accordingly, we hold that Danou's written waiver was sufficient to allow the prosecution to proceed by information.

**B. Danou did not withdraw his guilty plea.**

A district court must give the defendant an opportunity to withdraw his guilty plea if the court rejects a plea agreement into which the defendant and the Government have entered. Fed. R. Crim. P. 11(c)(5)(B). Danou believes that Lustig's letter to the district court attempting to withdraw Danou's guilty plea was sufficient to constitute a withdrawal of the plea. The district court, however, realizing that it had read the Agreement incorrectly, accepted the Agreement and sent Danou a letter indicating that he did not have the ability to withdraw his plea in accordance with Rule 11(c)(5)(B). Moreover, the district court denied both of Danou's motions to withdraw his guilty plea, clearing up any confusion under which Danou may have labored. We hold that Danou did not withdraw his guilty plea.

**C. The Government did not breach the Agreement.**

Danou claims that the Government breached the Agreement when, at the sentencing hearing, the AUSA agreed with the district court that Danou should not benefit from a Guidelines reduction for acceptance of responsibility. While the Guidelines worksheets attached to the Agreement specifically recommended granting Danou a three-level reduction for acceptance of responsibility, the district court refused to grant Danou that reduction because subsequently, he had acted in a

manner inconsistent with acceptance of responsibility. Specifically, Danou repudiated his sworn testimony at the plea hearing and denied his guilt, saying instead that he and his victim had entered into a land sale contract. Furthermore, Danou filed two motions to withdraw his guilty plea. Danou does not claim that the district court erred when it refused to grant him a three-level reduction. Rather, Danou claims that the Government breached the Agreement when it agreed with the district court's decision at the sentencing hearing.

A plea agreement is a contract between the Government and the defendant, and we interpret such agreements using the traditional principles of contract law. *United States v. Luske*, 286 F.3d 906, 909 (6th Cir. 2002) (citing *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991)). "The content of a plea agreement and what the parties agreed to is a question of fact for the district court that is reviewed for clear error." *Id*. (internal citations omitted). We start with the proposition, though, that the Government may not breach plea agreements. *Id*. at 913 (citing *Santobello*, 404 U.S. 257).

In the case at bar, the Government agreed not to "seek, recommend or advocate for a sentence outside of" the 30-37 month Guidelines range. That promise survived the modification of the Agreement. Therefore, even though the Agreement was not contingent on the district court's calculating the Guidelines range at 30-37 months or sentencing Danou within that range, the Government was still required to abide by its obligation not to seek a sentence outside of that range.

We will hold the Government to the promises it made, but we will not hold the Government to promises it *did not* make. *United States v. Barrett*, 890 F.2d 855, 863-64 (6th Cir. 1989) (quoting *United States v. Fentress*, 792 F.2d 461, 464 (4th Cir. 1986)) (emphasis added). In this case, the Government merely agreed with the district court's conclusion that, given Danou's actions after the

7

parties executed the Agreement, he should not benefit from a reduction in his offense level for acceptance of responsibility. While the AUSA would have been better advised to say nothing about the district court's decision not to grant Danou the three-level reduction, the district court had already announced that determination in its June 20, 2006, opinion and order, more that two weeks prior to the July 6 sentencing hearing at which the AUSA made the statement. The Government never promised not to agree with the district court's sentencing determination; it only promised not to advocate for a sentence above that recommended on the Guidelines worksheets. Therefore, we hold that the Government did not breach the Agreement.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** Danou's conviction and sentence.