**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0017n.06

**No. 09-3033**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jan 07, 2011**
LEONARD GREEN, Clerk

ZVONKO SARLOG,                                    )
                                                  )        ON  APPEAL  FROM  THE
    Petitioner-Appellant,                     )        UNITED STATES DISTRICT
                                                  )        C O U R T   F O R   T H E
v.                                                )        NORTHERN  DISTRICT  OF
                                                  )        OHIO
UNITED STATES OF AMERICA,                         )
                                                  )        O P I N I O N
    Respondent-Appellee.                      )

BEFORE:    BOGGS and McKEAGUE, Circuit Judges; and QUIST, Senior District Judge.[*]

**Per Curiam.**  Petitioner, Zvonko Sarlog, appeals the district court's denial of his Motion to

Vacate, Amend, or Correct Sentence, pursuant to 28 U.S.C. § 2255, which alleged that counsel

provided constitutionally ineffective assistance in failing to file a notice of appeal after Sarlog so

instructed and in failing to properly argue against the application of enhancements based upon his

role in the offense and abuse of a position of trust.  For the reasons set forth below, we vacate the

district court order and remand for an evidentiary hearing.

## I.  BACKGROUND

Sarlog pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine,

in violation of 21 U.S.C. §§ 841 and 846, and conspiring to launder money, in violation of 18 U.S.C.

---

[*]Honorable Gordon J. Quist, United States Senior District Judge for the Western District of
Michigan, sitting by designation.

§ 1956(h). During the change of plea hearing, the district court explained that, based upon the amount of drugs involved, Sarlog faced a mandatory minimum sentence of ten years unless he qualified for an exception such as "safety valve" treatment under § 5C1.2 of the Sentencing Guidelines. The court established that Sarlog would seek, and the government would oppose, safety valve treatment, and that the government would seek, and Sarlog would oppose, a three-level increase for his managerial role in the offense under § 3B1.1 and a two-level increase for abuse of a position of trust under § 3B1.3. Importantly, and as the government pointed out at the hearing, Sarlog would be ineligible for safety valve treatment if the court were to find that he had a managerial role under § 3B1.1.

The court then addressed Paragraph 13 of the written plea agreement, which acknowledged that Sarlog had been advised by counsel of his rights to appeal, and stated that he "expressly waives those rights except as reserved." The agreement reserved only the right to appeal "any punishment in excess of the statutory maximum," "any sentence to the extent it exceeds the maximum of the sentencing range" determined under the Guidelines, and "any legal remedies he may otherwise have on appeal or collateral attack pertaining to claims of ineffective assistance of counsel or prosecutorial misconduct." In explaining the waiver provision, however, the district court began: "Now, what this paragraph 13 does is ask you to give up most, but not all, of those rights of direct appeal and collateral attack." (Plea Hr'g Tr. at 33.) With regard to the second reservation, the court explained:

> Now, it's my understanding here's what it means. Let's assume that at the time of sentencing, we have a dispute as to whether you should get three levels for role in the offense. I say yes. You've reserved the right to challenge that on appeal, or let's say I find that if we add two levels for abuse of position of trust, you reserve your right

> to challenge that on appeal, or let's say I find that you're not involved—you are not entitled to the safety valve, you are entitled to challenge that on appeal. So you've reserved a number of challenges here based on how the guideline calculation is eventually determined by me. Do you understand?

(Id. at 34.) Sarlog answered in the affirmative. Finally, the court explained that nothing in Paragraph 13 inhibited Sarlog from raising claims of ineffective assistance of counsel. Neither party objected to the court's explanation of Sarlog's appellate rights. After this discussion, the court asked Sarlog whether he wished to plead guilty under the agreement, and accepted his plea.

At sentencing, the district court applied both the three-level enhancement for Sarlog's role in the offense and the two-level enhancement for abuse of a position of trust. The court found that because Sarlog managed or supervised at least one person in the conspiracy, he was ineligible for safety valve treatment under U.S.S.G. § 5C1.2. Having been denied safety valve treatment, Sarlog was subject to a ten-year mandatory minimum sentence. The district court granted Sarlog a downward variance from the advisory guidelines range of 151-181 months, ultimately sentencing him to 121 months of imprisonment on each of the two counts to run concurrently with each other. No direct appeal was filed.

Acting pro se, Sarlog timely filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, requesting an evidentiary hearing and raising three issues: (1) that the district court improperly enhanced Sarlog's offense level based upon his role in the offense and abuse of a position of trust and that counsel provided constitutionally ineffective assistance in failing to properly argue against both enhancements; (2) that Sarlog was denied a proper evidentiary hearing in that counsel failed to call his co-conspirators as witnesses because they could have refuted the

argument that he had a managerial role; and (3) that counsel rendered ineffective assistance in failing to pursue a direct appeal contrary to Sarlog's express instruction that he do so.

In support, Sarlog submitted an affidavit swearing that he told his attorney that the managerial role enhancement was "just not right" and that he "wanted to appeal the sentence." (Ex. A to Pet'r's Mot. at 3.) According to the affidavit, counsel responded by saying that Sarlog had ten days to file an appeal and that they "would discuss the matter tomorrow or the next day," but he never contacted Sarlog thereafter. (*Id.* at 3-4.) Sarlog tried calling counsel several times from jail, but his office would not take calls from prisoners. (*Id.* at 4.) Finally, the affidavit alleges, Sarlog also asked family members to contact counsel about filing an appeal and they did so, but the messages they left were never returned. (*Id.*)

Without holding an evidentiary hearing, the district court denied the motion. The court found that Sarlog waived his right to collaterally attack his conviction and sentence in the plea agreement. In addition, the court concluded that even without the waiver, Sarlog's claims that he should not have been assessed the managerial role and abuse of a position of trust enhancements are not cognizable on collateral attack. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). As to Sarlog's claims of ineffective assistance, the court acknowledged that Sarlog had reserved the right to seek such relief on direct appeal or collateral attack, but concluded that counsel did not render ineffective assistance because Sarlog was sentenced pursuant to a mandatory minimum and had not established eligibility for safety valve treatment. Specifically, the court stated:

> The petitioner did reserve in his guilty plea agreement the right to seek relief on direct appeal or in a collateral proceeding based on the ineffective assistance of counsel. The petitioner wastes his effort in this context in arguing that he should not have been assessed add-ons in calculating the offense level. In so arguing, the petitioner continues to ignore the obvious. He was subject to a mandatory minimum sentence of 120 months, unless he was successful in earning the safety valve. He failed. The petitioner does not contend that he should have been granted the safety valve which then resulted in the necessity for the Court to sentence the petitioner to a sentence of 120 months.[1]

(District Ct. Op. at 19.) The court neither made findings of fact nor held an evidentiary hearing as to whether Sarlog actually requested that counsel file a notice of appeal.

Thereafter, this court granted Sarlog's request for a certificate of appealability and the right to proceed in forma pauperis. On appeal, Sarlog argues that (1) counsel was ineffective in failing to file a notice of appeal when Sarlog expressly instructed that he do so; (2) even if he did not so instruct, counsel was ineffective in failing to "consult" Sarlog regarding the merits of an appeal; and (3) counsel was ineffective in failing to call Sarlog's co-conspirators as witnesses as they would have testified that Sarlog did not have a managerial role in the conspiracy.

## II. DISCUSSION

### A. Standard of Review

Claims of ineffective assistance present mixed questions of law and fact, which this court reviews *de novo*. *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). We review the district

---

[1]The district court's assertion that Sarlog does not argue that he should have been granted the safety valve is incorrect. Sarlog's entire argument is that, had the managerial role enhancement not been applied, he would have been entitled to safety valve treatment. *See, e.g.,* Pet.'s Mot. at 10 ("The result of the failure to effectively argue the misapplication of §3B1.1 (managerial/supervisory role) denied the Defendant the 'safety valve' which would reduce his sentence.").

court's decision not to hold an evidentiary hearing for abuse of discretion. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). A § 2255 petitioner is generally entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The hearing is mandatory "unless the record conclusively shows that the petitioner is entitled to no relief," such as where "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo*, 178 F.3d at 782 (internal citations and quotations omitted). If a factual dispute exists, the court "must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). The § 2255 petitioner's burden "for establishing an entitlement to an evidentiary hearing is relatively light." *Id.*

**B.    Analysis**

To establish constitutionally ineffective assistance, a petitioner must demonstrate that counsel's performance was "deficient" and that "prejudice" resulted therefrom. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000), the Supreme Court affirmed that this two-pronged inquiry also applies to claims of ineffective assistance of counsel based on failure to file a notice of appeal. *Id.* at 476-77, 120 S. Ct. at 1034. The Court explained that where an attorney disregards his client's express instruction to perfect an appeal, he has performed deficiently and prejudice is presumed regardless of the appeal's potential merit. *Id.* at 477, 483, 120 S. Ct. at 1035, 1038; *accord Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

Even where a client has not specifically requested that counsel perfect an appeal, *Flores-Ortega* holds that counsel may have a constitutional duty to "consult" with the client regarding the advantages and disadvantages of appealing and make reasonable efforts to determine whether the client wishes to do so. 528 U.S. at 478, 120 S. Ct. at 1035. The constitutionally imposed duty to consult exists where counsel has reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480, 120 S. Ct. at 1036. Failure to consult in those circumstances constitutes deficient performance and, although prejudice is not presumed, it can be established by presenting evidence that had counsel consulted, defendant would have appealed, or that there exist nonfrivolous grounds for appeal. *Id.* at 484, 486, 120 S. Ct. at 1038, 1039.

Sarlog takes the argument one step further: he argues that an attorney's failure to perfect an appeal when instructed to do so, or failure to consult with the client when grounds or interest exist, constitutes ineffective assistance of counsel *even where*, as here, the defendant has entered into a plea agreement waiving some or all of his rights to a direct appeal. In fact, this argument raises an

issue on which the circuit courts are currently split.[2]  This court has not weighed in on this circuit

split, addressing the applicability of *Flores-Ortega* when an appeal waiver has been executed.

We need not decide that issue in this case, however, because we find that Sarlog did not

knowingly and voluntarily waive his right to appeal.  Here, the plea agreement, by its terms, failed

to reserve (and thus waived) Sarlog's rights to appeal the safety valve, position of trust, and

managerial role determinations.  It is true that courts may not modify plea agreements, and that

statements made by the court do not supercede the terms of an agreement when the waiver is

knowingly and voluntarily made.  *See United States v. Fleming*, 239 F.3d 761 (6th Cir. 2001).

However, where, as here, the court's misstatement comes *before* the plea is accepted and in

circumstances that cause the defendant to misunderstand the terms based on the court's explanation,

the defendant cannot be said to have knowingly and voluntarily waived the rights that the court

purported to tell him he retained.  *See United States v. Padilla-Colon*, 578 F.3d 23, 28-29 (1st Cir.

2009) (holding that where court told the defendant he could appeal an issue before accepting the

plea, the waiver was not knowing and voluntary and therefore could not be enforced).  Here, the

court specifically told Sarlog that the terms of the agreement meant he retained the ability to appeal

---

[2]Several circuits have concluded that counsel must file an appeal when requested, even where the defendant has entered into a plea agreement waiving some or all of his appeal rights.  *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 777 (2d Cir. 2006); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005); *United States v. Garrett*, 402 F.3d 1262, 1266-67 (10th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005).  Others have come to the opposite conclusion.  *Nunez v. United* States, 546 F.3d 450, 453 (7th Cir. 2008); United *States v. Mabry*, 536 F.3d 231, 241-42 (3rd Cir. 2008).

the "managerial role," "position of trust," and "safety valve" determinations; therefore, as to those specific issues, Sarlog did not knowingly and voluntarily waive his appellate rights.

Because Sarlog retained his right to appeal on those issues, he had a right to instruct his attorney to appeal. *Flores-Ortega*, 528 U.S. at 477, 483. With his § 2255 petition, Sarlog asserts that he expressly instructed his attorney to file a notice of appeal, presents a sworn affidavit in support, and requests an evidentiary hearing. The government presents no evidence to the contrary and, in fact, concedes that Sarlog is entitled to the evidentiary hearing he seeks on the issue of whether he instructed his attorney to perfect an appeal. Under these circumstances, Sarlog has satisfied the "relatively light" burden he bears in establishing entitlement to an evidentiary hearing, *Turner*, 183 F.3d at 477, and the district court abused its discretion in failing to hold one. *See Valentine v. United States*, 488 F.3d 325, 333-334 (6th Cir. 2007) (finding that the district court erred in declining to hold a hearing where defendant had presented an affidavit, the government offered nothing to contradict it, and the claim was not "inherently incredible" nor contradicted by the record). If, in fact, Sarlog instructed his attorney to file a notice of appeal, counsel was per se ineffective in failing to do so and Sarlog is entitled to a delayed appeal. *Ludwig*, 162 F.3d at 459.

## III. CONCLUSION

Accordingly, we **VACATE** the district court order denying Sarlog's § 2255 petition and **REMAND** for an evidentiary hearing to determine whether Sarlog actually instructed his attorney to file a notice of appeal. Should the court determine that such request was made, Sarlog is entitled to a delayed appeal. As part of the evidentiary hearing, the district court may also inquire into whether counsel provided constitutionally ineffective assistance in failing to consult Sarlog regarding

the merits of an appeal and/or in failing to call Sarlog's co-conspirators as witnesses or otherwise

arguing against the sentencing enhancements.