**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0240n.06

No. 12-6141

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 31, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DEMARCUS ROGERS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: KEITH, SILER, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. DeMarcus Rogers appeals the district court's denial of his

motion for post-conviction relief under 28 U.S.C. § 2255. Rogers pled guilty to being a felon in

possession of a firearm and was sentenced to 327 months of imprisonment. His sentence was

based on a guideline range that included a four-level enhancement for use of the weapon in

connection with another felony, attempted murder. Rogers argues that his sentencing counsel

provided ineffective assistance when she failed to make a self-defense argument with respect to

the attempted murder, and that the district court should have conducted an evidentiary hearing on

this claim. Rogers also argues that judicial fact-finding on the relevant conduct enhancement

violated the Sixth Amendment. Rogers has not sufficiently demonstrated deficient performance

or prejudice, and the district court did not abuse its discretion in declining to conduct an evidentiary hearing before denying § 2255 relief.

In 2006, Rogers pled guilty to being a felon in possession of a firearm, under 18 U.S.C. § 922(g), and was sentenced to 327 months of imprisonment and 3 years of supervised release. The conviction arose from a shooting that Rogers admitted. On June 29, 2004, after an argument at a personal residence, Rogers shot Rico Coats four times at close range while Coats was unarmed. One bullet also went through the hand of another unarmed individual trying to break up the fight between Rogers and Coats. Coats escaped in a car, and Rogers continued to shoot at the car while it drove away. The day after the shooting, the police arrested Rogers and found a 9 millimeter pistol in his car; Rogers admitted possessing the pistol and shooting Coats, and stated that he had acted in self-defense.

Rogers's Presentence Investigation Report (PSR), prepared by the Probation Office using the 2004 edition of the Guidelines manual, indicated a base offense level of 24, because Rogers had two prior convictions for crimes of violence. The PSR recommended a four-level enhancement for using a firearm in connection with another felony. Application note 4 to U.S.S.G. § 2K2.1 states that a felony offense "as used in subsection (b)(5), means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, *whether or not a criminal charge was brought, or conviction obtained*." United States Sentencing Commission, Guidelines Manual § 2K2.1, comment. (n.4) (2004) (emphasis added). The PSR cross-referenced to the guideline provision for attempted murder, U.S.S.G. § 2A2.1, because "the object of the offense committed by the defendant on June 29, 2004, would have constituted an

assault with intent to commit murder." The cross-reference adjusted the base offense level to 33, after which four levels were added because the victim, Coats, sustained life-threatening bodily injury, and three levels were subtracted for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a),(b). The PSR calculated Rogers's total offense level to be 34, with a criminal history category of VI, and an advisory guideline imprisonment range of 262 to 327 months. Rogers also qualified as an armed career criminal under 18 U.S.C. § 924(e), which meant that the statutory sentencing range was 15 years to life.

At Rogers's sentencing hearing, the Government presented evidence, called three witnesses, and recommended a sentence at the high end of the guideline range. Rogers's attorney asked questions of each witness and attempted to establish that the shooting occurred on June 29, 2004, the day before Rogers was arrested in possession of a firearm. She also sought to clarify that when Rogers was arrested, the firearm was not on his person but rather in his vehicle. The district court adopted the guideline range in the PSR and sentenced Rogers to 327 months. This Court rejected Rogers's claims on direct appeal and affirmed his sentence, and the Supreme Court denied Rogers's petition for a writ of certiorari. *See United States v. Rogers*, 261 F. App'x 849 (6th Cir.), *cert. denied*, 553 U.S. 1046 (2008).

On April 13, 2009, Rogers moved to vacate his sentence, in a pro se motion filed pursuant to 28 U.S.C. § 2255. Rogers argued that the district court erred when it applied the 4-level enhancement for relevant conduct in the instant case, based on the PSR, when the

Government could have instead charged Rogers with first degree murder or attempted murder.[1]

Rogers also asserted that the district court should not have sentenced him as an armed career criminal, and that the court improperly applied the Federal Sentencing Guidelines. Finally, Rogers argued that his attorney during the plea and sentencing phase was ineffective for not arguing self-defense and not contesting the facts underlying the attempted murder cross-reference or his status as an armed career criminal.

The district court denied Rogers's motion to vacate, denied Rogers's motion to amend his § 2255 motion, declined to issue a certificate of appealability, and dismissed the case on July 26, 2012. The district court determined that the sentencing court correctly considered Rogers's prior violent felony convictions and Rogers's relevant conduct in connection with his firearm possession (assault with intent to commit murder). The court also concluded that Rogers's attorney "was not ineffective by failing to raise [Rogers's] frivolous [defense to the relevant conduct enhancement] issue at sentencing," and thus Rogers could not establish deficient performance or prejudice. Rogers then requested a certificate of appealability as to all issues raised in his motion to vacate and his motion to amend, which was granted by this court on March 5, 2013.

Because Rogers has not demonstrated deficient performance by counsel at sentencing or prejudice resulting from the alleged deficiencies, the district court correctly denied Rogers's § 2255 motion. "In reviewing the denial of a 28 U.S.C. § 2255 petition, this Court applies a *de novo* standard of review of the legal issues and will uphold the factual findings of the district

---

[1] Rogers's motion also challenged the consideration of his prior violent felony convictions. The handwritten portion of Rogers's § 2255 motion conflates his argument on this point with the separate argument that remains contested on appeal, namely the relevant conduct enhancement.

court unless they are clearly erroneous." *Hilliard v. United States*, 157 F.3d 444, 447 (6th Cir. 1998). A petitioner asserting an ineffective assistance of counsel claim must show: (1) deficient performance by counsel, and (2) prejudice resulting from that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Rogers asserts that he was prejudiced at his sentencing hearing because his counsel refused to argue or put forth evidence that he shot Coats in self-defense, and thereby declined to put forth a reasonable defense at the sentencing stage. However, no reasonable probability exists that arguing self-defense would have affected the outcome of the sentencing procedure, in light of the strong evidence indicating otherwise. Rogers admitted the shooting in a police statement and has not offered evidence or even a theory to explain how repeatedly shooting two unarmed individuals at close range could be construed as self-defense. Evidence at sentencing included the following: unchallenged testimony that Coats was unarmed and Rogers shot Coats once in the side, once in the stomach, and twice in the thigh (including shots at close range after Coats had fallen and was lying on the ground), testimony that Rogers shot another unarmed individual, who had been trying to break up the fight between Rogers and Coats, and testimony that Rogers shot at the vehicle in which Coats left the scene. To establish an ineffective assistance of counsel claim, a petitioner must overcome the "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (citing *Strickland*, 466 U.S. at 689). Rogers

has not met this threshold. In sum, the district court correctly determined that Rogers did not demonstrate ineffective assistance of counsel under *Strickland*.

Furthermore, the district court did not abuse its discretion by declining to conduct an evidentiary hearing on Rogers's § 2255 motion. This Court reviews a district court's decision not to have an evidentiary hearing on a § 2255 motion for abuse of discretion. *See Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). However, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). On appeal, Rogers argues that the motion and records in this case did not conclusively show that Rogers is not entitled to relief on his ineffective assistance of counsel claim. Yet "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b); *Davila v. United States*, 258 F.3d 448, 450 n.2 (6th Cir. 2001). Here, the evidence presented at Rogers's sentencing compels rejection of his conclusory self-defense argument. On appeal, Rogers has not developed his self-defense argument or challenged the aforementioned evidence. Therefore, the district court did not abuse its discretion by concluding that it plainly appeared that Rogers was not entitled to relief and declining to conduct an evidentiary hearing.

Finally, the district court did not violate Rogers's Sixth Amendment right to a trial by jury when it applied a cross-reference to the attempted murder guidelines provision. Rogers claims that the Supreme Court's recent holdings in *Alleyne v. United States* and *Peugh v. United States* combine to prevent sentencing courts from engaging in judicial fact-finding that affects the guidelines calculations and "creates a significant risk that the defendant will be denied his Sixth Amendment rights." *See Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Peugh v. United States*, 133 S. Ct. 2072 (2013). However, the constitutional rules of criminal procedural adopted in *Alleyne* and *Peugh* are not applicable on collateral review of Rogers's sentence, because the judgment became final before the Court's decisions in *Alleyne* and *Peugh*. *See Teague v. Lane*, 489 U.S. 288, 310–11 (1989) (plurality opinion). Even if *Alleyne* and *Peugh* were retroactively applicable to this case, they do not require that every fact giving rise to the cross-reference in Rogers's guidelines calculation be submitted to a jury and found beyond a reasonable doubt. Because the federal sentencing guidelines are advisory, rather than mandatory, *see Peugh*, 133 S. Ct. at 2080 (citing *United States v. Booker,* 543 U.S. 220, 259–260, 264 (2005)), judicial factfinding that affects the guidelines calculation does not fit within the category of facts required under *Alleyne* to be found by a jury beyond a reasonable doubt.

For the foregoing reasons, we affirm the district court's decision.