NOT RECOMMENDED FOR PUBLICATION
File Name:  14a0896n.06

No. 12-5851

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 03, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TOBEY BECTON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

BEFORE:  BOGGS and GRIFFIN, Circuit Judges; and HOOD, District Judge.[*]

GRIFFIN, Circuit Judge.

Tobey Becton challenges his 120-month sentence for using or carrying a firearm during and in relation to robbery as a violation of the Sixth Amendment.  Because we hold that the fact that a firearm was discharged was not one that increased a mandatory minimum under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), we affirm.

I.

The relevant facts are undisputed.  Becton pleaded guilty to one count of robbery, in violation of 18 U.S.C. § 1951, and one count of using or carrying a firearm during and in relation to robbery, in violation of 18 U.S.C. § 924(c).  At the plea hearing, Becton testified that he knew

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

that at least one of his co-defendants had a firearm during the robbery, and the government contended that a firearm was "displayed." Becton did not testify that the firearm was discharged, nor did the indictment allege that fact. The district court advised Becton that the potential penalty for his firearm charge was "not less than seven years in prison."

The Presentence Investigation Report ("PSR") calculated the Guidelines range for the firearm charge as "not less than ten years, consecutive to any other sentence imposed because a firearm was discharged." *See* U.S.S.G. § 2K2.4(b). Becton filed a position paper stating that he had no objections to the PSR and that there were "no disputed matters material to sentencing." At the sentencing hearing, after confirming that there were no objections, the district court accepted the PSR's factual findings and adopted the PSR's Guidelines calculations.

The district court then granted the government's motion for a downward departure based on Becton's substantial assistance, under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553. As a result, the district court explained, it was no longer bound by the statutory mandatory minimum on the firearm charge, although the Guidelines range remained at 120 months for that charge. 18 U.S.C. § 3553(e). Acknowledging his "discretion to issue a sentence that varies from the new guideline range," and that he was "no longer limited by the statutory minimum of 10 years," the district judge considered the relevant § 3553(a) factors. Among other factors, the district court considered the seriousness of the crime, victim impact, and relevant conduct of three other robberies. Ultimately, the district court did not vary below the 120-month Guidelines for the firearm count. It imposed a sentence of 57 months on the robbery count and 120 months for the firearm count, to run consecutively, for a total term of 177 months.

While Becton's direct appeal was pending, the Supreme Court issued its decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Becton's counsel filed a brief pursuant to

*Anders v. California*, 386 U.S. 738 (1967), indicating that the district court committed no reversible error. However, this court determined that the question of whether Becton's sentence violates *Alleyne* was a non-frivolous one and ordered briefing on the question.

II.

We review for plain error where the defendant did not raise a Sixth Amendment challenge in the district court and the Supreme Court decided *Alleyne* during the pendency of the appeal. *United States v. Mack*, 729 F.3d 594, 607 (6th Cir. 2013). "[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 466−67 (1997) (internal quotation marks and alteration omitted). "If these three conditions are met, then we may exercise our discretion to notice the forfeited error, but only if we find the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Mack*, 729 F.3d at 607.

Congress has established a three-tier sentencing scheme for a person who "during and in relation to any crime of violence . . . uses or carries a firearm." 18 U.S.C. § 924(c). The mandatory minimum for using or carrying a firearm is five years, but if the firearm is "brandished," the minimum is seven years, and if the firearm is "discharged," the minimum is ten years. *Id.* § 924(c)(1)(A).

In 2000, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In *Alleyne*, the Court extended that rule to preclude judicial fact-finding from increasing statutory minimums, as well as maximums. 133 S. Ct. at 2155. There, the defendant was charged with using or carrying a firearm in relation to a crime of violence under § 924(c), which has a five-year mandatory

minimum sentence. *Id.* at 2155−56. The jury form indicated that he had "[u]sed or carried a firearm" but not that he had "brandished" the firearm. *Id.* at 2156. Nonetheless, the presentence report recommended a seven-year minimum sentence for brandishing, and the district court imposed the higher mandatory minimum over the defendant's objection. On appeal, the Supreme Court explained that "because the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury." *Id.* at 2162. However, the Court also observed that its ruling "does not mean that any fact that influences judicial discretion must be found by a jury," because the Court has "long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.* at 2163. "Within established limits . . . the exercise of sentencing discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts." *Id.* (internal quotation marks and alterations omitted). "Nothing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment within the range prescribed by statute." *Id.* (internal quotation marks and alterations omitted).

Becton argues that his sentence violates the Sixth Amendment rule laid down in *Alleyne*.[1] The government responds that this case is fundamentally different: after the district court granted the government's motion for downward departure, there was no mandatory minimum, not even five years for using or carrying the firearm. Accordingly, the fact of firearm "discharge" did not increase the mandatory minimum as required to trigger *Alleyne*'s protections.

_____

[1]On appeal, Becton does not challenge the district court's underlying Guidelines calculation. He has therefore forfeited this argument. *See, e.g.*, *United States v. Wade*, 266 F.3d 574, 585−86 (6th Cir. 2001).

In the past year, we have considered *Alleyne*'s applicability in several contexts. In *United States v. James*, 575 F. App'x 588, 589 (6th Cir. 2014), we considered at length whether a district court's application of a "cross reference" under the Guidelines violated *Alleyne*. In that case, the defendant pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), but the court, applying the "cross reference," sentenced the defendant as if he had committed attempted second-degree murder. *Id.* Like here, there was no fact that technically increased a mandatory minimum sentence, but the defendant argued more broadly that *Alleyne*'s expansive language "call[ed] into question the practice of sentencing defendants based on uncharged conduct." *Id.* at 593. Reading *Alleyne* with care, we considered whether the advisory nature of the Guidelines was controlling, despite the fact that the "cross reference" had the effect of more than doubling the defendant's Guidelines range. *Id.* at 594−95. Although we observed that the Supreme Court recognized in *Peugh v. United States* "that the guidelines, in practice, at least drive, if not determine, a defendant's sentence," and a sentence outside a Guidelines range is "often unlikely," *id.* (quoting *Peugh*, 133 S. Ct. 2072, 2083−84 (2013)), *Peugh* does not cast doubt on Sixth Amendment sentencing cases because "the Sixth Amendment and *Ex Post Facto* Clause inquiries are analytically distinct," *id.* at 595 n.8 (internal quotation marks omitted); *see also Peugh*, 133 S. Ct. at 2088 ("The *Booker* remedy was designed, and has been subsequently calibrated, to exploit precisely this distinction: it is intended to promote sentencing uniformity while avoiding a Sixth Amendment violation.").

In *James*, we ultimately "decline[d] to extend *Alleyne* beyond its four corners" for three reasons: (1) if the Court had intended "to create a sea change in sentencing practice, it would have said so expressly," (2) the Court expressly stated that *Alleyne* "does not mean that any fact that influences judicial discretion must be found by a jury," 133 S. Ct. at 2163, and (3) at least

four post-*Alleyne* cases in the Sixth Circuit "have taken for granted" that *Alleyne* only applies to mandatory minimum sentences. 575 F. App'x at 595; *see Rogers v. United States*, 561 F. App'x 440, 444 (6th Cir. 2014) (because the Guidelines "are advisory, rather than mandatory, . . . judicial factfinding that affects the [Guidelines] calculation does not fit within the category of facts required under *Alleyne* to be found by a jury"); *United States v. Harris*, 552 F. App'x 432, 439 n.4 (6th Cir. 2014) ("The judicial fact-finding here did not affect the statutorily authorized penalties, so *Alleyne* is not implicated."); *United States v. Cook*, 550 F. App'x 265, 275 (6th Cir. 2014) (*Alleyne* does not require reversal because "[n]o statutory mandatory minimum applied to [the defendant's] convictions"); *United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013) ("*Alleyne* did not extend *Apprendi* to facts that do not increase the prescribed statutory penalties.").

In this case, Becton challenges only his 120-month firearm sentence, not the district court's underlying Guideline calculation. In line with our other post-*Alleyne* cases, we decline to extend *Alleyne* "beyond its four corners" to judicial fact-finding that does not increase the mandatory minimum. Accordingly, we find no error, let alone plain error.

III.

For these reasons, we affirm the judgment of the district court.