**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0481n.06

Case No. 17-4114

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Sep 24, 2018<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| DEZAY MARTELL ELY, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | | **O P I N I O N** |

BEFORE:     SUTTON, McKEAGUE, and THAPAR, Circuit Judges.

**McKEAGUE, Circuit Judge.** Dezay Ely pleaded guilty to attempting murder with malice aforethought, discharging a firearm during a crime of violence, and being a felon in possession of ammunition. The district court sentenced him to life imprisonment. Unhappy with his fate, Ely argues that his sentence was procedurally and substantively unreasonable. Finding no error, we affirm.

I.

*The shooting*. In Spring 2016, Ayauna Edwards-Bush met Defendant Dezay Ely. The two became romantically involved, and Ely brought Bush to spend time with his friends. On one outing, Bush joined Ely and Raymond Moore on a road trip to a nearby town. Once the three reached their destination, Ely planned to rob a barber; but he ultimately lost his nerve.

A few mornings later, Ely woke Bush and told her they needed to prepare for another robbery. This time, however, Ely said he wanted to test fire his gun first. So Moore again picked up Bush and Ely, and the trio drove to a national park. When they arrived at the park, Moore stopped the car in a secluded area. Ely got out and told Bush to do the same. She at first refused, but Ely chided her until she relented. Ely and Bush then walked away from the car, and Ely pulled out his gun. After firing some shots in the air, Ely pointed the gun at Bush and pulled the trigger three times—hitting her in the head, face, and neck. Bush survived, but she sustained severe and permanent injuries.

*The sentencing.* Without a plea agreement, Ely pleaded guilty to attempting murder with malice aforethought, discharging a firearm during a crime of violence, and being a felon in possession of ammunition. Next came sentencing. For this appeal, only two decisions matter. First, the district court found, over Ely's objection, that the offense would have constituted first-degree murder. For the attempted murder and felon in possession charges,[1] that decision increased Ely's base offense level by six points. *See* United States Sentencing Commission, *Guidelines Manual*, § 2A2.1(a) (Nov. 2016). Second, the district court varied upwards from a Guidelines range of 120 months[2] and sentenced Ely to life imprisonment for discharging a firearm during a crime of violence.

## II.

We apply an abuse-of-discretion standard to sentencing challenges. *Gall v. United States*, 552 U.S. 38, 51 (2007). To obtain relief, an appellant must show that the sentence is either

---

[1] The district court grouped the two charges for the Guidelines calculation.

[2] Unlike the calculation for the attempted murder and felon in possession charges, Ely's Guidelines range for discharging a firearm during a crime of violence was set according to the statutory minimum. *See* USSG § 2k2.4(b).

procedurally or substantively unreasonable. *Id.* Ely makes both arguments, and we address each in turn.

*Procedural reasonableness*. Ely argues that his sentence is procedurally unsound because the district court improperly calculated the Guidelines range. In support, Ely asserts that the district court: (1) performed unconstitutional factfinding; (2) determined incorrectly that he premeditated the attempted murder; and (3) drew erroneous factual conclusions. Although Ely is right that an improperly calculated Guidelines range would render his sentence procedurally unreasonable, *id.*, he is wrong that the district court erred.

First, the district court's factfinding was not unconstitutional. To make his claim, Ely relies on *Alleyne v. United States*, 570 U.S. 99 (2013). In *Alleyne*, the Supreme Court held that judicial factfinding that increases the penalty for a crime is unconstitutional. *See id.* at 103. But the Supreme Court clarified that its holding affected only factual findings that enhance mandatory minimum sentences—not factual findings that influence judicial discretion. *Id.* at 116. Because the Sentencing Guidelines are discretionary, judicial factfinding that affects the Guidelines range does not implicate *Alleyne. See United States v. Powell*, 847 F.3d 760, 782 (6th Cir. 2017) (citations omitted); *Rogers v. United States*, 561 F. App'x 440, 443–44 (6th Cir. 2014).

Next, the district court correctly determined that Ely's offense would have constituted first-degree murder. Under the relevant Guideline, courts look at 18 U.S.C. § 1111 to determine whether the evidence shows that the offense would have constituted first-degree murder. USSG § 2A2.1, comment. (n.1). Applying its understanding of the facts to the Sentencing Guidelines, the district court found Ely's offense would have satisfied § 1111 and thus set a higher base offense level. We review the district court's legal interpretation of the Guidelines *de novo* and its application of the

facts to the Guidelines with due deference. *United States v. Sexton*, 894 F.3d 787, 793 (6th Cir. 2018) (citations omitted).

Although there are several elements for first-degree murder, only one is at issue here: whether there was premeditation. A killing is premeditated when it results from planning and deliberation. *United States v. Al-Din*, 631 F. App'x 313, 333 (6th Cir. 2015) (citing *United States v. Garcia-Meza*, 403 F.3d 364, 371 (6th Cir. 2005)). There is no precise amount of time needed for premeditation, but there must be enough "for the killer, after forming the intent to kill, to be fully conscious of that intent." *Id.* (quotation omitted).

At a bare minimum, Ely admits to taking Bush to a remote area, aiming a loaded gun at her head, and shooting her three times. Even if Ely could explain why he took Bush to a remote area, ordered her out of the car, and led her to a secluded field before shooting her—which we do not think he can—there is no explanation for why he shot Bush three times except that he planned to kill her. *See, e.g.*, *Al-Din*, 631 F. App'x at 333–34 (finding sufficient time to premeditate between firing of first shot in a house and firing of successive shots in a car outside the house); *United States v. Frost*, 521 F. App'x 484, 492 (6th Cir. 2013) (finding premeditation when a defendant retrieved his gun, pointed it at the victim, and fired). The district court therefore properly found premeditation.

Finally, the district court's factfinding was neither erroneous nor consequential. Ely criticizes the district court's determinations that: (1) Ely shot Bush in the face while she looked at him; (2) the shooting was Bush's last vision; (3) Ely proposed the test firing and pretended his gun jammed as a ruse; and (4) Bush's shooting occurred after unrelated shootings that affected her family. To prevail on each challenge, Ely needs to show that the factual determinations were clearly erroneous—meaning that the determinations were implausible in light of the entire record.

*Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985); *United States v. Katzopoulos*, 437 F.3d 569, 574 (6th Cir. 2006). We acknowledge that there are some inconsistences in the record, but that is not enough to overcome the deference we give the district court's factual findings. Regardless, Ely raises only red herrings. As we have discussed, Ely admits to taking Bush to a secluded area and to shooting her three times in the head and neck. That alone is enough to show premeditation. So even if the district court erred when making additional factual determinations in support of premeditation, those errors would be harmless.

In sum, the district court properly increased Ely's base offense level after finding that his offense would have constituted first-degree murder. Ely's sentence is therefore procedurally reasonable.

*Substantive reasonableness.* If a sentence is procedurally sound, we then examine whether it was substantively reasonable. *Gall*, 552 U.S. at 51. When looking at substantive reasonableness, we consider the totality of the circumstances including the extent of any variance from the Guidelines range. *Id.* Our focus is whether the sentence is adequate, but not greater than necessary, to accomplish the sentencing goals in 18 U.S.C. § 3553(a). *United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012). A sentence is substantively unreasonable if the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant factors, or gives an unreasonable amount of weight to any pertinent factor." *Sexton*, 894 F.3d at 797 (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)).

Ely again focuses on the district court's alleged erroneous factfinding, but we have already explained why those arguments are unpersuasive.[3] His more pertinent argument is that the district

---

[3] In his substantive challenge, Ely also attacks the district court's consideration of his potential role as the shooter in a past crime. Again, the district court did not clearly err and any error would not change the greater finding that Ely had a violent history.

court's concern about the heinousness of the crime led it to fixate on incapacitation at the expense of reasoned consideration of the other § 3553(a) factors. To the extent that Ely asks us to rebalance the factors, that exceeds our role. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006)). And to the extent that Ely asks us to find that the district court unreasonably weighed incapacitation, his argument falls short. Although the district court emphasized incapacitation, it identified the § 3553(a) factors and often explained in detail its reasoning under each factor. Under these circumstances, Ely bears a "much greater burden in arguing that the court has given an unreasonable amount of weight to any particular [factor]." *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013) (quotation omitted). Ely cannot discharge that great burden. Given his history of violence and willingness to kill in cold blood, the district court acted within its discretion to protect society from Ely. His sentence was therefore substantively reasonable.

## III.

The district court properly calculated Ely's Guidelines range and did not err when balancing the § 3553(a) factors. Ely's sentence is therefore procedurally and substantively reasonable. We affirm.